**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesse Lewis Walker, | No. CV-26-00433-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Lukrom REIT LLC, et al., | |
| Defendants. | |

Plaintiff Jesse Walker ("Walker"), who is proceeding *pro se*, filed a complaint (Doc. 1), a motion for a temporary restraining order ("TRO") (Doc. 3), and an application for leave to proceed in forma pauperis (Doc. 4). Because Walker asserted in his TRO motion that he had recently been evicted from his apartment, that he was forced to leave his dog in the apartment, and that his dog may lack access to food and water (Doc. 3), the Court scheduled an emergency hearing on the TRO motion before screening the complaint pursuant to 28 U.S.C. § 1915(e)(2).[1] Fortunately, both sides reported during the hearing that Walker had, in the interim, successfully retrieved his dog and his tools of trade from the apartment.

With that backdrop in mind, the Court turns to Walker's filings. Walker's application for leave to proceed in forma pauperis is granted, and the Court will screen Walker's complaint before it is allowed to be served. Under § 1915(e)(2), a complaint is

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

The complaint asserts that Walker—who has a two-year-old daughter and a one-year-old son (Doc. 4 at 3)—was locked out of his residence by Defendant Lukrom REIT LLC ("Lukrom") pursuant to a writ of restitution on January 20, 2026. (Doc. 1 at 6.)

Walker included, as part of the complaint, a copy of a December 31, 2025 judgment against him in an eviction action in Country Meadows Justice Court, in which the court found him "guilty of special detainer for non-payment of rent," granted Lukrom immediate possession of the premises, and ordered a writ of restitution to issue on January 6, 2026. (*Id.* at 19.) Walker also included the writ of restitution, dated January 8, 2026, which ordered "the sheriff or any constable in Maricopa County" to remove Walker "and all persons holding under or though [sic]" Walker from the premises. (*Id.* at 21.) The complaint asserts that Walker's dog remains in the residence, along with various items of Walker's personal property including tools and inventory for his business, but Lukrom has denied him access to the premises to retrieve or care for his dog and to retrieve his personal property from the premises. The complaint also names Lukrom's counsel in the justice court proceedings, Scott E. Williams of Zona Law Group ("Williams"), as a Defendant, but although the allegations refer cumulatively to "Defendants," none of the allegations clarify what acts, if any, suggest that Williams violated any law or otherwise is liable.

The complaint asserts three claims: (1) violation of the Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. § 5220, because Lukrom failed to provide 90 days' notice to vacate the premises, (2) violation of the Fair Housing Act's ("FHA") prohibition against retaliation, 42 U.S.C. § 3617, because the eviction and other "adverse actions, including refusing to remedy hazardous conditions," were allegedly retaliation against Walker for "requesting repairs and asserting rights related to serious health and safety hazards," and (3) violation of the FHA's prohibition against discrimination, 42 U.S.C. § 3604, because the eviction and "denial of safe conditions" were "discrimination or disparate treatment/impact on the basis of familial status" based on Walker's status as "a custodial parent of minor children." (Doc. 1 at 7.)

None of the claims in the complaint can stand. As for the PTFA claim, aside from the apparent inapplicability of the PTFA, which protects tenants when their landlord defaults on a mortgage and the successor landlord wishes to evict bona fide tenants,[2] there

---

[2] *See, e.g., SD Coastline LP v. Buck*, 2010 WL 4809661, *1 (S.D. Cal. 2010) ("The PTFA . . . provides certain protections to tenants who reside in properties subject to

- 3 -

is "no private right of action" under the PTFA. *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1169 (9th Cir. 2013). The FHA claims cannot stand because there are no allegations supporting the conclusory statements that Walker was targeted due to his status as a custodial parent and/or in retaliation for requesting repairs. In addition to lacking factual allegations in support of these claims, the complaint includes the judgment of the justice court, which states the eviction was for failure to pay rent. Without substantial allegations to support the discrimination and retaliation claims, these claims fail.

To the extent the FHA claims are premised on injuries caused by the eviction itself, they are also barred by the *Rooker-Feldman* doctrine. However, Plaintiff appears to allege that he was subjected to additional retaliatory and/or discriminatory acts that preceded the eviction, such as Defendants' alleged "refus[al] to remedy hazardous conditions" and "denial of safe conditions." (Doc. 1 at 7.) Claims under the FHA premised on such alleged acts would not be barred by *Rooker-Feldman*. *Lyons v. Gene B. Glick Company, Inc.*, 844 F. App'x 866, 868-69 (7th Cir. 2021) ("*Rooker-Feldman* blocks Lyons's second set of claims . . . about the eviction . . . [because] Lyons's alleged injuries from this set of claims—losses of housing, federal financial rental assistance, credit, and economic stability—were complete only when the Indiana court ordered the eviction. . . . Because Lyons would not have suffered these injuries absent the eviction order, *Rooker-Feldman* blocks these claims. Lyons's first set of claims—about discrimination and retaliation preceding or separate from the state-court suit—are not barred by *Rooker-Feldman*.").

As for how to proceed in light of these determinations, "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (cleaned up). "[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v.*

---

foreclosure. Such protections include the right to continue living on the foreclosed property premises for the duration of their lease and the right to receive a 90 day notice to vacate.").

*Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), as amended (May 22, 1992). In light of these standards, the Court will grant leave to amend as to Plaintiff's FHA claims, but only to the extent those claims are asserted against Lukrom and are based on injuries that are independent from the eviction. Leave to amend is denied as to the PTFA claim based on futility. Additionally, leave to amend as to Williams is denied based on futility.

Finally, Plaintiff's TRO motion is denied for two independent reasons. First, because the complaint has been dismissed for failure to state a claim, Plaintiff obviously has not established a likelihood of success on the merits or even serious questions going to the merits. *See, e.g., Toepfer v. City of Vallejo*, 2024 WL 4437216, *6 (E.D. Cal. 2024) ("Plaintiffs have not demonstrated that they are likely to succeed on the merits of their claims because the Complaint fails to sufficiently plead any claims."). Second, as noted at the outset of this order, the parties' representations during the hearing on the TRO motion establish that there is no longer a risk of irreparable harm.

Accordingly,

**IT IS ORDERED** that:

1. The application to proceed in forma pauperis (Doc. 4) is **granted**.
2. The complaint (Doc. 1) is **dismissed**.
3. The motion for TRO (Doc. 3) is **denied**.
4. Williams is **dismissed** as a party.
5. Plaintiff may, within 14 days of the issuance of this order, file an amended complaint. Any changes shall be limited to supplying new factual allegations in support of Plaintiff's FHA claims against Lukrom.
6. If Plaintiff files an amended complaint within 14 days of the issuance of this order, the Court will screen the amended complaint before deciding whether it may be served. Lukrom need not respond to the amended complaint until it is screened.

…

…

…

7. If Plaintiff fails to file an amended complaint within 14 days of the issuance of this order, the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 27th day of January, 2026.

_____
Dominic W. Lanza
United States District Judge